# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50140 | **DATE** | 7/16/2010 |
| **CASE TITLE** | U.S. ex rel. Anthony C. Lymon (#B-05489) vs. Warden Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied. The court did not intend for the federal sentence imposed in Case No. 07 CR 50006 (N.D. Ill.) to run concurrently with an unrelated state conviction. This case is terminated.

O [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Anthony Lymon, currently a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner does not challenge his 2009 state conviction for predatory criminal sexual assault, based on which he is currently serving a ten-year sentence in state custody. Rather, the petitioner contests his future incarceration in the federal system. The petitioner, who was convicted in federal court of being a felon in possession of a firearm, *see United States of America v. Lymon*, Case No. 07 CR 50006 (N.D. Ill.), maintains that his federal sentence should run concurrently with his state sentence.

The petition for a writ of habeas corpus is denied. The petitioner seems to base his petition on the Judgment entered June 1, 2009, in Case No. 07 CR 50006. In the Judgment and Sentencing Order [document no. 88] at p. 2, the court recommended to the Bureau of Prisons that the Sentence "run concurrent with any state sentence that may be imposed." However, the court's intent was for the sentence to run concurrently with any state conviction **relating to the same underlying offense**. The court in no way intended the term of imprisonment imposed to act as a prophylactic against any unrelated, future state criminal offenses. Because the petitioner's 2009 state prosecution for predatory criminal sexual assault is apparently wholly unconnected to his 2007 federal criminal prosecution for illegal firearm possession, the federal and state sentences have no bearing on each other. The court therefore discerns no basis for the two unrelated sentences to be served concurrently.
**(CONTINUED)**

mjm

**STATEMENT (continued)**

    The court notes that the petitioner has already filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. *See United States of America v. Lymon*, Case No. 10 C 50108 (N.D. Ill.). This ruling has no preclusive effect on the resolution of the Section 2255 petition.

    For the foregoing reasons, the petition for a writ of habeas corpus is denied. The court did not intend the petitioner's federal sentence to run concurrently with any state sentence for unrelated conduct. The case is terminated.